# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed November 13, 1911.

HENRY STANNARD
VS.
WILLCOX & GIBBS MACHINE CO., ET AL.

*Henry H. Dinneen* for plaintiff.

*Venable. Baetjer & Howard* for defendants.

BOND, J.—

The letter complained of charges the plaintiff with failure to pay a bill contracted by his wife in purchasing a sewing machine, although the plaintiff had promised that the bill would be paid.

It further states that the machine was purchased on the instalment plan, and suggests it may be damaging to the plaintiff and intolerable by his

employer that this fact should be known by a civil suit for the supposed debt.

The statements are plain and unambiguous, and incapable of any extension of meaning by the colloquium and innuendoes; and I think the innuendoes are, therefore, to·be disregarded.

Lewis vs. Daily News Co., 81 Md., 472.

Kilgour vs. Evening Star Co., 96 Md., 23.

Sheperd vs. Baer, 96 Md., 157.

No special damage is alleged to have resulted from the statements, and, therefore, the demurrer requires the court to decide, as matter of law, whether the words and statements are actionable without such a showing of specific damage, actionable per se. They are to be held so if they have a tendency to bring the plaintiff into disrepute, ridicule or contempt, or to disparage him as unfitted for his occupation or business.

Authorities last cited.

I think the mere statement of failure to pay one bill, or of the purchase of a sewing machine on the instalment plan cannot be said to disparage the plaintiff, or in any way to degrade him in the eyes of his associates. The purchasing of household furniture on the instalment plan is a common, widespread practice, and a court certainly cannot say there is anything in it which would naturally bring a man into disrepute. And, again, the failure to pay one bill, as charged here, is of itself nothing defamatory. The plaintiff is not a merchant or trader, or person otherwise so situated that unquestioned general credit is essential to his welfare. And this charge cannot justly be classed as derogatory to his general credit. Nothing contained in it reflects upon his qualifications for his employment, except in so far as the employer might dislike to retain an employee who buys furniture on the instalment plan, or refuses to pay a particular bill—a possibility which, as said above, the court cannot find to be so natural and likely that an action may be allowed upon it.

There seem to be no Maryland decisions on similar facts; but courts of other States all seem to have adopted the above view of such a charge. A closely similar case is that of Hollenbeck vs. Hall, 103 Iowa, 214.

Other decisions on similar facts are:

McDermott vs. Union Credit Co., 76 Minn., 84, 86.

Windisch-Muhlhauser Company vs. Bacon, 56 S. W., 520.

Fry vs. McCord, 95 Tenn., 678.

Muetze vs. Tuteur, 77 Wis., 236, 243.

Sanders vs. Edmondson, 56 S. W., 611.

The demurrer will be sustained.